1

2

3

4

5

6

7

8

9            IN THE UNITED STATES DISTRICT COURT

10           FOR THE EASTERN DISTRICT OF CALIFORNIA

11   UNITED STATES OF AMERICA,

12           Respondent,                      No. 2:07-cr-0067 FCD JFM

13           vs.

14   JOSE MANUEL YANEZ,

15           Movant.                          <u>FINDINGS AND RECOMMENDATIONS</u>

16   _____/

17           Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set

18   aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  On February 25, 2008, movant pled

19   guilty to violating 8 U.S.C. § 1326(a) and (b)(2) - Deported Alien with an Aggravated Felony

20   Prior Found in the United States.  Movant was sentenced to a 46-month term of imprisonment, a

21   36-month term of supervised release, a $100 special assessment and no fine.  (Docket 11.)

22           Movant seeks a further reduction of his sentence.[1]  On February 23, 2009,

23   respondent filed a motion to dismiss the § 2255 motion because movant waived the right to file a

24   § motion in his plea agreement.  Movant has not opposed the motion.

25   _____

26        [1]  By the terms of the plea agreement, respondent asked the sentencing judge for a four-
     level downward departure under U.S.S.G. § 5K3.1, which the court granted.

                                            1

1         A defendant may waive the right to bring a § 2255 motion.  <u>United States v.</u>

2    <u>Abarca</u>, 985 F.2d 1012, 1013 (9th Cir. 1993).  A "knowing and voluntary waiver of a statutory

3    right is enforceable."  <u>Id.</u>, 985 F.2d at 1014.

4         On February 25, 2008, the written plea agreement was filed.  (Docket No. 12.)

5    The agreement specifically provided that movant

6
7         freely, knowingly, and voluntarily [gave] up the right to appeal any
          aspect of his conviction or sentence.  The [movant] also [gave] up
          any right he may have to bring a post-conviction attack on any
8         aspect of his conviction or sentence.  He specifically agree[d] not
          to file a motion under 28 U.S.C. § 2255 or § 2241 attacking any
9         aspect of his conviction or sentence.

10   (Plea Agreement at 3-4, ¶ 5.)  Moreover, the transcript from the change of plea hearing reflects

11   that movant knowingly and voluntarily entered into the plea agreement.  (Docket No. 25.)  The

12   sentencing judge carefully explained that by entering the guilty plea movant may have waived or

13   given up certain rights to appeal or collaterally attack the plea or the sentence, and movant

14   confirmed he understood.  (<u>Id.</u> at 9.)  Movant was informed that in all likelihood he would be

15   deported upon completion of his sentence.  (<u>Id.</u> at 6.)  In exchange for his plea bargain, movant

16   was granted a four-level Fast-Track reduction at sentencing.

17        IT IS HEREBY RECOMMENDED that:

18        1.  Movant's February 23, 2009 motion to vacate, set aside, or correct his sentence

19   pursuant to 28 U.S.C. § 2255 be denied; and

20        2.  The clerk of the court be directed to close the companion civil case No. 08-cv-

21   2847 FCD JFM.

22        These findings and recommendations are submitted to the United States District

23   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

24   days after being served with these findings and recommendations, any party may file written

25   objections with the court and serve a copy on all parties.  Such a document should be captioned

26   "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

1  failure to file objections within the specified time waives the right to appeal the District Court's

2  order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: June 16, 2009.

4

5

6                                    UNITED STATES MAGISTRATE JUDGE

7  /001; yane0067.257

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26